**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4543**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TANGIE NICOLE CARROLL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:16-cr-00046-RLV-DSC-2)

Submitted: March 13, 2018                Decided: March 15, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tangie Nicole Carroll appeals the 135-month sentence imposed after she pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 (2012). On appeal, Carroll challenges the drug quantity attributed to her. We affirm.

A defendant convicted of conspiring to distribute a controlled substance is accountable for all quantities of contraband with which she was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were in furtherance of the joint criminal conduct and were reasonably foreseeable to the defendant. U.S. Sentencing Guidelines Manual, § 1B1.3 cmt. n.3 (2016). The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. *United States v. McGee*, 736 F.3d 263, 271 (4th Cir. 2013). A district court's findings on drug quantity are generally factual in nature and are therefore reviewed by this court for clear error. *United States v. Flores-Alvarado*, 779 F.3d 250, 254 (4th Cir. 2015).

The district court adopted the amount of methamphetamine attributed to Carroll in the presentence report, 4.5 kilograms or more, over Carroll's objection. The court found that the evidence cited by the government was both strong and corroborated. Such evidence included police reports describing Carroll's confession, including her statements that, at one point, she was obtaining two pounds of methamphetamine every day or every other day from her supplier, and that, conservatively, she obtained an average of two pounds, six times per week, for approximately four weeks. These statements were

2

corroborated by Carroll's coconspirator, who detailed ten shipments of a pound or more of methamphetamines.

We conclude that Carroll fails to illustrate clear error in the district court's ruling on drug quantity. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*